UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. MELCHIONNE,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>    Respondent. | No.  1:15-cv-00602-DAD-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 16)** |

    Petitioner Mario A. Melchionne is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Christian Pfeiffer, Warden, Kern Valley State Prison, moves to dismiss the petition, contending (1) the petition impermissibly seeks relief with regard to separate judgments of conviction; (2) grounds one and two of the petition are second or successive claims; and (3) grounds one and two are untimely.  Because the petition impermissibly seeks relief on two separate judgments, the undersigned recommends that the Court dismiss the petition on that basis.

**I.    Procedural and Factual Background**

    In Orange County Superior Court in 1997, a jury convicted Petitioner of (1) receiving stolen property (Cal. Penal Code § 496(a)); (2) possession of a firearm by a felon (Cal. Penal Code § 12021(a)); and (3) possession of a controlled substance (Cal Penal Code § 11377(a)).  On October 1, 1997, the Orange County court sentenced Petitioner to a term of 25 years to life imprisonment.  The record includes few materials regarding any post-conviction litigation of the Orange County convictions except for the April 29, 2014, letter to Petitioner from attorney

Patrick DuNah, reporting that the California Court of Appeal for the Fourth District had denied Petitioner's appeal.[1]

In 2005, Petitioner, who was still serving his sentence for the 1997 convictions, killed another inmate. In Kings County Superior Court on January 11, 2007, Petitioner pleaded guilty to one charge of first degree murder pursuant to California Penal Code § 187(a).[2] On February 22, 2007, the Kings County court sentenced Petitioner to a term of 75 years to life imprisonment to be served consecutive to the Orange County sentence.

Following his Kings County conviction, Petitioner filed multiple petitions for habeas corpus in state and federal courts. In the Eastern District of California, the petitions included *Melchionne v. Tilton* (No. 1:08-cv-00116-DMS-BLM  HC); *Melchionne v. Tilton* (No. 1:08-cv-00688-VRW  HC); and *Melchionne v. Tilton* (No. 1:08-cv-00863-TAG  HC). Petitioner has not sought leave of the Ninth Circuit Court of Appeals to bring a second or successive petition as to grounds one and two, which relate to the Kings County judgment of conviction. *See* 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

## II.     Claims Relate to Multiple Cases

"A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgments covering the judgment or judgments of each court." Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts. In the above-captioned petition, grounds one and two relate to the Kings County conviction, and ground

---

[1] Context suggests that Mr. DuNah had filed the direct appeal pursuant to *People v. Wende*, 25 Cal.3d 436 (1979), in which he asserted that he was unable to identify any arguable issues for direct appeal. Following its review, the Court of Appeal also found no basis for appeal.

[2] The record indicates that Petitioner elected to enter a plea of guilty to avoid being tried on the pending charge of capital murder.

2

three relates to the Orange County conviction.  Accordingly, the petition violates Rule 2(e) and must be dismissed.  *See Dunckhorst v. Lopez*, 2011 WL 3687651 at *3 (E.D.Cal. Aug. 23, 2011) (No. 2:10-cv-01405-GEB-EFB  HC).

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B)  the final order in a proceeding under section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication.  Accordingly, the Court declines to issue a certificate of appealability.

## IV.     Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus without prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **June 24, 2016**                              /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE